**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| JASPER WASHINGTON, JR., |
|       Plaintiff |
| v. |
| ALLIEDBARTON SECURITY SERVICES, LLC, |
|       Defendant |

Civil Action No. 16-1283 (CKK)

**MEMORANDUM OPINION**
(November 15, 2016)

This is a breach of contract suit in which Plaintiff, proceeding *pro se*, alleges that

Defendant AlliedBarton Security Services LLC ("AlliedBarton") violated certain contractual

promises in relation to the manner in which Defendant terminated Plaintiff's employment as a

security guard.  Plaintiff alleges that he was terminated for allowing an unauthorized person to

enter the school at which he was stationed.  Plaintiff claims that this charge is inaccurate because

he recognized this person as a parent of one of the students at the school.

Before the Court is Defendant's [6] Motion to Dismiss.  Defendant argues that Plaintiff's

claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA").  Upon

consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this

motion, the Court GRANTS Defendant's Motion.  The Court agrees that Plaintiff's claim is not

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 6;
- Pl.'s Opp'n to Mot. to Dismiss and Removal of Def. ("Pl.'s First Opp'n"), ECF No. 13;
- Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Second Opp'n"), ECF No. 15; and
- Def.'s Reply, ECF No. 16.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

meaningfully independent from the Collective Bargaining Agreement that was in place during

his employment, and is accordingly preempted by Section 301.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-

pleaded allegations in Plaintiff's Complaint.  The Court does "not accept as true, however, the

plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp.*

*v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).  Further, because Plaintiff

proceeds in this matter *pro se*, the Court must consider not only the facts alleged in Plaintiff's

Complaint, but also the facts alleged in the various other documents Plaintiff has filed in

response to Defendant's Motion to Dismiss.  *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789

F.3d 146, 152 (D.C. Cir. 2015) ("a district court errs in failing to consider a *pro se* litigant's

complaint 'in light of' all filings, including filings responsive to a motion to dismiss") (quoting

*Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)); *Fillmore v. AT & T Mobility*

*Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) ("the Court, as it must in a case brought by a *pro*

*se* plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to

Defendant's Motion to Dismiss.").  Although Plaintiff's pleadings are far from a model of clarity,

the Court can ascertain the following:

Plaintiff was hired by Defendant as a security officer in 2012.  Pl.'s Second Opp'n at 4.

Before being employed by Defendant, Plaintiff worked for a company called U.S. Security

Associates Inc.  *Id.*  While working for U.S. Security, Plaintiff complained to his superiors,

including a Major Jenkins, that assignments were not being made on the basis of employees'

seniority.  *Id.* at 4, 8.  Plaintiff also complained about his superiors' refusal to allow Plaintiff to

see the company's "seniority list," which Plaintiff alleges must be given to a new contractor

within ten days when a contract changes hands.  *Id.* at 4-5.  Plaintiff alleges that his superiors retaliated against him for making these complaints.  *Id.*

After being hired by Defendant in 2012, Plaintiff was stationed at Johnson Middle School in Washington D.C.  *Id.* at 4.  Plaintiff alleges that Major Jenkins was responsible for this placement, and that she placed Plaintiff there in retaliation for Plaintiff's previous complaints while at U.S. Security.  *Id.* at 5.  Plaintiff alleges that this placement was wrongful because his seniority demanded that he be given a better assignment.  *Id.*

In 2013, Plaintiff was fired for allowing an unauthorized individual to enter the school. *Id.* at 4.  Plaintiff alleges that his termination was wrongful, because the individual was a parent of one of the students at the school and therefore authorized to enter.  *Id.*  Plaintiff alleges that Defendant lied on a Disciplinary form that states that Plaintiff allowed an unauthorized person on to school premises.  *Id.* at 4, 6.  Plaintiff also takes issue with the fact that the Disciplinary form was unsigned.  *Id.* at 6.

Plaintiff suggests that these actions violate a number of policies or documents.  Primarily, Plaintiff refers to a "disciplinary policy" or "progressive disciplinary policy" and a "Dos and Don'ts" list prepared by a company hired by Defendant to handle employment issues.  *Id.* at 3, 6. Plaintiff also makes reference to a collective bargaining agreement, in the context of arguing that he has a right to bypass its grievance procedures.  *Id.* at 3.

Plaintiff also makes various other miscellaneous allegations of wrongdoing, such as allegations that Defendant violated the Occupational Safety and Health Act by not posting security guards at broken doors at the Middle School at which he worked, which allowed students to come and go freely, and various other references to unspecified "DC Laws."

Plaintiff filed this lawsuit in the Superior Court for the District of Columbia and Defendant removed it to this Court. [2]  Notice of Removal, ECF No. 1 at ¶ 1.  Defendant filed a motion to dismiss the complaint on the grounds that Plaintiff's claims were completely preempted by Section 301(a) of the LMRA.  Def.'s Mot. at 2.  The Court granted Plaintiff leave to file two oppositions to Defendant's Motion.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

---

[2] Plaintiff has captioned one of his pleadings "Opposition to Motion *and Removal* of Defendant Allied Barton Security Services, LLC, Notice of Filing Notice of Removal of Defendant Allied Barton Security Services, LLC, and Dismissal of the Case."  ECF No. 13 (emphasis added). Plaintiff has not, however, moved to remand or provided the Court with any grounds for remand, beyond a perfunctory statement that "Allied Barton acted with bad faith."  Pl.'s First Opp'n at 4. On its own independent review, the Court sees no such grounds.  Plaintiff's claim raises a question of federal law because, as discussed in this Memorandum Opinion, it is completely preempted by, and thus arises under, Section 301 of the LMRA.  *See Bush v. Clark Const. & Concrete Corp.*, 267 F. Supp. 2d 43, 46 (D.D.C. 2003) ("Section 301 of the LMRA not only preempts state law but also authorizes removal of claims that purported to seek relief only under state law.").

### III. DISCUSSION

Defendant argues that Plaintiff's complaint must be dismissed because it is preempted by Section 301 of the LMRA.  Section 301 of the LMRA provides that

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.  Section 301 "not only provides federal-court jurisdiction over controversies involving collective-bargaining agreements, but also 'authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements.'"  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988) (quoting *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 451 (1957)).  "Accordingly, section 301 completely preempts any action predicated on state law if that action is either: (1) founded upon rights created by a collective bargaining agreement; or (2) substantially dependent upon analysis of that agreement."  *Berry v. Coastal Int'l Sec., Inc.*, 968 F. Supp. 2d 104, 110 (D.D.C. 2013); *Lingle*, 486 U.S. at 406, 413 (section 301 preempts state law claims if they "depend[ ] upon the meaning of" or "require[ ] the interpretation of" a collective bargaining agreement).

However, preemption under Section 301 does not serve as a complete bar against employees who are covered by a collective bargaining agreement bringing any breach of contract claims.  "[A] plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is *not* a collective-bargaining agreement."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396 (1987).  A state law claim "is 'independent' of the collective-bargaining agreement" if

5

"resolution of the state-law claim does not require construing the collective-bargaining agreement." *Lingle*, 486 U.S. at 407.

The Court finds that Plaintiff's breach of contract claim in this case is not "independent" of the collective bargaining agreement. Defendant provided the Court with a Collective Bargaining Agreement between AlliedBarton and the Service Employees International Union, Local 32BJ ("SEIU"), that was in place during the time Plaintiff was employed by Defendant.[3] Decl. of Timothy Price, ECF No. 6-2, Ex. A ("CBA"). Based on Plaintiff's pleadings, the Court can determine that Plaintiff was covered by the CBA. *See* Pl.'s Second Opp'n at 4 (Plaintiff was stationed at Johnson Middle School in Washington D.C.); CBA § 1.1(b) (stating that agreement covered "all . . . security officers" assigned to "public facilities"); Pl's Supplemental Brief, ECF No. 22 (indicating that Plaintiff is a member of SEIU and attempted to have SEIU arbitrate his claims against Defendant AlliedBarton under the grievance procedures of the CBA).

The Court has reviewed the CBA and determined that it appears to cover all of the rights and obligations apparently at issue in this lawsuit. The CBA states that the Union is "the exclusive collective bargaining representative for all" covered employees. CBA § 1.3. It states

---

[3] The Court considers the CBA even though Plaintiff did not attach it to his pleadings for a number of reasons. First, as described *supra*, Plaintiff raises the question of whether removal was proper and this Court "may . . . consider material outside of the pleadings in its effort to determine whether it has jurisdiction." *Cefarrati v. JBG Properties, Inc.*, 75 F. Supp. 3d 58, 61 (D.D.C. 2014) (considering copy of collective bargaining agreement not attached to Plaintiff's complaint for purposes of determining whether complaint was preempted under Section 301). Second, Plaintiff refers to the CBA in his pleadings, albeit not with great clarity. Plaintiff begins each of the oppositions he filed to Defendant's Motion to Dismiss by arguing that he should be allowed to avoid the grievance procedure under the collective bargaining agreement under the holding of *Vaca v. Sipes*, 386 U.S. 171 (1967). "Incorporation by reference can . . . amplify pleadings where the document is not attached by the plaintiff, but is 'referred to in the complaint and [ ] integral to [the plaintiff's] claim.'" *Banneker Ventures, LLC v. Graham,* 798 F.3d 1119, 1133 (D.C. Cir. 2015) (quoting *Kaempe v. Myers,* 367 F.3d 958, 965 (D.C. Cir. 2004)). The CBA's grievance procedure was also the subject of a supplemental brief filed by Plaintiff. Pl's Supplemental Brief, ECF No. 22.

that "[e]mployees may not be discharged or disciplined except for just cause." *Id.* § 4.1  It

further states that "[s]ubject to the terms of this Agreement, the Employer shall have the

exclusive right to manage and direct the workforce covered by this Agreement," including the

"exclusive rights" to, *inter alia*, "plan, direct and control all operations performed," to "direct

and schedule the workforce," to "transfer or relocate," to "determine the work duties of

Employees," to "promote and demote employees," and to "discipline, suspend, and discharge for

just cause." *Id.* § 7.1.  The CBA stipulates, however, that "[t]ransfers or removals of employees

shall not be arbitrary or retaliatory." *Id.* § 7.3.

The CBA also includes certain agreements regarding seniority that Plaintiff appears to

refer to in his pleadings.  It states that "[a]ssignments, promotions, and the filling of vacancies,

shall be determined on the basis [of] seniority, provided that in the sole and exclusive opinion of

the Employer the Employee is qualified, suitable and available to work." *Id.* § 10.4.  It also

states that where a "contractor transition" occurs, "[e]mployees retained by the Employer shall

be given credit for length of service with the predecessor employer(s) for all purposes, including

but not limited to seniority." *Id.* § 9.3.  Finally, the agreement states that "[u]pon the Union's

written request, the Employer shall provide to the Union within ten (10) business days, the

names of all employees at the account or location, their wage rates, full- or part-time status, dates

of hire, and leave balances." *Id.* § 9.5.  In sum, the CBA appears to be at least intimately

intertwined with Plaintiff's claims in this case in such a way that the Court could not realistically

adjudicate those claims without "construing the collective-bargaining agreement." *Lingle*, 486

U.S. at 407.  This conclusion is buttressed by the fact that Plaintiff himself sought to vindicate

the rights at issue in this case initially by pursuing the grievance procedure laid out in the CBA,

which covers disputes "involving the interpretation or application of" the CBA.  CBA § 24.1(A);
Pl's Supplemental Brief, ECF No. 22.

The Court notes that Plaintiff does refer to various ancillary documents other than the
CBA in his oppositions to Defendant's Motion to Dismiss, but the Court agrees with Defendant
that Plaintiff has not plausibly pled the existence of any contract between Plaintiff and Defendant
that would be truly independent of the CBA.  "A *pro se* complaint . . . 'must be held to less
stringent standards than formal pleadings drafted by lawyers.'"  *Atherton v. D.C. Office of
Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Erickson,* 551 U.S. at 94).  "But even a
*pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere
possibility of misconduct.'"  *Id*. (quoting *Iqbal,* 129 S.Ct. at 1950).  Plaintiff has not alleged, at
least not with any degree of clarity, any contractual right that derives from any of these
documents.  *See Cephas v. MVM, Inc.*, 520 F.3d 480, 484 (D.C. Cir. 2008) (where plaintiff's
complaint charged that defendant "violated unspecified 'rights," of his," but "[n]either his
complaint nor his brief . . . identifie[d] any source of right—such as an individual employment
agreement—other than the CBA," concluding that plaintiff's action depended "entirely upon the
meaning of the CBA").

Plaintiff refers to a "Dos and Don'ts" list prepared by an employment management
company hired by Defendant, but Plaintiff fails to plead sufficient factual matter that would
allow the Court to infer that this "list" constituted a contract between himself and Defendant.
Moreover, even if Plaintiff could allege that he had some contractual rights under this list,
Plaintiff's claims with respect to it would still require the interpretation of the CBA and therefore
be preempted.  Plaintiff claims that Defendant violated the "Dos and Don'ts" list's position
against "lie[s]" and drawing "unsupported conclusions."  Pl.'s First Opp'n at 4-5.  But these

alleged violations all relate to Plaintiff's seniority, assignment or termination.  The actual underlying substantive rights and obligations about these issues appear to derive from the CBA.  Accordingly, to determine whether or not these actions were in fact "supported" or otherwise rightful, the Court would still have to analyze the CBA.

To the extent Plaintiff makes reference to "disciplinary policies," reliance on these is also not sufficient to avoid preemption.  First, Plaintiff has not alleged the content of any such policy, or how a right derived from that policy was violated.  The Court reiterates its finding that the actual substantive rights and obligations about which Plaintiff complains derive instead from the CBA.  Second, even to the extent that these policies existed, were distinct from the CBA, and contained relevant content beyond what is in the CBA, they nonetheless would have been promulgated pursuant to the CBA, CBA § 7.1 ("The Employer shall also have the right to promulgate, post and enforce reasonable rules and regulations governing the conduct of the Employees during working hours."), and would not be sufficiently independent of that document to allow Plaintiff to avoid preemption.  *See Grandison v. Wackenhut Servs., Inc.*, 514 F. Supp. 2d 12, 17 (D.D.C. 2007) (holding that plaintiff "implicitly assert[s] that his rights under the Handbook are superior to [defendant's] rights under the CBA. The only way such allegations could be adjudicated would be to interpret [defendant's] reserved management rights under the CBA. Therefore, those claims are preempted.") (citing cases).

Because Plaintiff fails to plausibly identify any source of contractual right he seeks to vindicate that is independent of the CBA, the Court determines that his claim is dependent on the CBA and is therefore preempted.  The Court makes no decision regarding the sufficiency of Plaintiff's claims on the merits, or the viability of those claims if brought under federal law.

## IV. CONCLUSION

In sum, the Court finds that Plaintiff's state law breach of contract claim is preempted by Section 301 of the LMRA.  Accordingly, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's claim.  An appropriate Order accompanies this Memorandum Opinion.

Dated: November 15, 2016

                        /s/
                        COLLEEN KOLLAR-KOTELLY
                        United States District Judge